Opinion issued February 7, 2008












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01054-CR






KEITH LIONELL WILTZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1054846






MEMORANDUM OPINION

 Appellant, Keith Lionell Wiltz, pleaded guilty without an agreed
recommendation to fraudulent possession of identifying information. Act of May 29,
1999, 76th Leg., R.S., ch. 1159, § 1, 1999 Tex. Gen. Laws 4064, 4064, amended by
Act of May 28, 2003, 78th Leg., R.S., ch. 1104, § 4, 2003 Tex. Gen. Laws 3170, 3171
(Tex. Penal Code Ann. § 32.51, since amended). Appellant did not testify at the
punishment hearing. The trial court assessed punishment at two years in state jail. 
Appellant filed a pro se nonevidentiary motion for new trial, claiming the judgment
was contrary to the law and the evidence. The motion for new trial was overruled by
operation of law.

 Appellant's appointed lawyer, at trial and on appeal, filed an Anders brief,
stating that he found no arguable points of error to raise on appeal, and also moved
to withdraw. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The
brief meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. at 386 U.S.
at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim.
App. 1978). Appellant filed a pro se response to the Anders brief, in which he alleges
for the first time that he was "misinformed by my counsel at trial that I would receive
probation for a guilty conviction. I was told that the court would show mercy because
of my medical condition. If I wasn't told this, I would not have waived my right to
a trial by jury."

 We construe appellant's pro se response as a claim of ineffective assistance by
his trial counsel. See Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). Appellant did not request an evidentiary hearing on his
motion for new trial, and there is otherwise no evidence to support his
ineffective-assistance claim.

 A court of appeals has two options when an Anders brief and a subsequent pro
se response are filed. On reviewing the entire record, the court may determine (1)
that the appeal is wholly frivolous and issue an opinion explaining that it finds no
reversible error or (2) that there are arguable grounds for appeal and remand the case
to the trial court for appointment of new appellate counsel. Bledsoe v. State, 178
S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We have carefully reviewed the entire appellate record. Appellant was
admonished in writing of the possible punishment range of up to two years in state
jail. After imposing sentence, the trial court also asked appellant if he had anything
to say, and he did not respond. There is no evidence that appellant's trial counsel told
appellant he would receive probation. We conclude that there is no reversible error
and that the appeal is wholly frivolous. See id.

 We affirm the judgment and grant the motion to withdraw as counsel. (1)



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant's lawyer still has a duty to inform appellant of the result of
this appeal and that he may, on his own, pursue discretionary review in
the Court of Criminal Appeals. Tex. R. App. P. 48.4; see Bledsoe v.
State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35
S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.] 2000, no pet.).